IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARIANNE MILLER                                                                         PLAINTIFF

v.                                    Civil No. 12-2293

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Marianne Miller, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her applications for DIB and SSI on December 4, 2009, alleging an onset date of October 31, 2006, due to emphysema, anxiety, and chronic obstructive pulmonary disease (COPD). Tr. 12, 22, 137-147, 163, 196-197, 213, 228-235. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 12, 69-79, 84-88. An administrative hearing was held on January 25, 2011. Tr. 12, 28-68. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 39 years old and possessed a general education degree and a nursing degree. Tr. 33. She had past relevant work "(PRW") experience as a license professional nurse (:PN), certified nursing assistant (CNA), a cashier II, a cafeteria worker, and a cabinet maker. Tr. 21, 33-38, 164, 170-195.

On July 11, 2011, the ALJ found Plaintiff's COPD, major depressive disorder, and panic disorder were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 14-16. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she must avoid even moderate exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases and poor ventilation. She is further limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct and concrete.

Tr. 16. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could perform work as a clerical worker, call out operator, and telephone quote clerk. Tr. 22-23.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 26, 2012. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the

4

workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The evidence reveals that Plaintiff was diagnosed with several mental impairments, including major depressive disorder, anxiety disorder, panic disorder with agoraphobia, and pseudoseizures. Pseudoseizures, or psychogenic non-epileptic seizures (PNES) are believed to occur as a part of a conversion disorder in which the patient unconsciously converts emotional dysfunction into physical symptoms. *See* Ronald P. Lesser and S. Marc Testa, *Symptoms That Mimic Epilepsy Linked To Stress, Poor Coping Skills*, http://www.hopkinsmedicine.org/news/media/releases/symptoms_that_mimic_epilepsy_linked_to_stress_poor_coping_skills (last accessed January 22, 2014). Like epileptic seizures, pseudoseizures include uncontrollable movements, far-off stares, and convulsions. *Id*.

Records reveal that Plaintiff was suffering from several panic attacks per day. Tr. 387-391. Her treating therapist at Western Arkansas Counseling and Guidance (WACG), Gary Greenwood, consistently assessed her with a global assessment of functioning score of 50-55, and noted social isolation and difficulty concentrating and following through with activities. Tr. 387-391, 405, 406, . Dr. Jerry Stewart and Alice Slavens, the nurse practitioner at WACG in charge of her medication management, indicated that Plaintiff was compliant with her medications, but said medications were only moderately effective. Tr. 392-394, 396-397, 410-411, 534-541.

In May 2011, Plaintiff began experiencing pseudoseizures. Tr. 438-442, 445-446, 451-460, 532-534, 536-538, 534-536. Emergency room records indicate that Plaintiff was found unconscious on numerous occasions, and she suffered from neck and lumbar strain, hematomas,

5

and contusions resulting from falls experienced during these episodes. Tr. 534-536. A full neurological work-up was negative, and Plaintiff was ultimately diagnosed with psuedoseizures. On August 12, 2011, Dr. Stewart noted that Plaintiff had experienced four seizures since July 29, 2011. Tr. 531-532. However, the RFC assessment does not take these seizures into account. In fact, the ALJ made no mention of these episodes in his opinion. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Because these seizures are related to Plaintiff's mental impairments and tend to indicate that Plaintiff's condition was more severe than the ALJ initially determined, we find that remand is necessary for the ALJ to consider Plaintiff's pseudoseizures. On remand, the ALJ is directed to obtain a mental RFC assessment from Dr. Stewart and Mr. Greenwood, indicating the frequency of Plaintiff's pseudoseizures and any work limitations that would result from these episodes.

We also note that the ALJ discredited Plaintiff's allegations of financial hardship, stating that Plaintiff was never denied treatment due to her inability to afford it. The record reveals that Plaintiff was referred to a pharmaceutical assistance program to obtain her medications. It does not, however, indicate what the result of her application was. Accordingly, on remand, the ALJ is directed to develop the record further with regard to Plaintiff's financial status.

**IV.    Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of January 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE